Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8404 | **DATE** | April 22, 2003 |
| **CASE TITLE** | *Shirley Riley vs. UOP LLC* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court grants in part and denies in part defendant's bill of costs. The clerk is directed to tax costs in the amount of $3,369.63.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 2 3 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CW7 | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
APR 2 3 2003

| | |
|---|---|
| SHIRLEY RILEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No: 01 C 8404 |
| UOP LLC, | ) Judge James H. Alesia |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

On February 13, 2003, this court granted defendant's motion for summary judgment and entered final judgment in favor of defendant UOP LLC and against plaintiff Shirley Riley. *Riley v. UOP LLC*, --- F. Supp. 2d ---, 2003 WL 342097 (N.D. Ill. Feb. 13, 2003). Currently before the court is defendant's bill of costs. For the reasons set forth below, the court grants in part and denies in part defendant's bill of costs.

## I. DISCUSSION

### A. Background

Rule 54(d) of the Federal Rules of Civil Procedure sets forth the general rule that costs other than attorneys' fees "'shall be allowed as of course to the prevailing party,'" except as otherwise provided by statute or in the rules. *Payne v. Milwaukee County*, 288 F.3d 1021, 1027 (7th Cir. 2002) (quoting FED. R. CIV. P. 54(d)). The proper measure of those costs is set forth in 28 U.S.C. § 1920 ("§ 1920"). *Tidemann v. Nadler Golf Car Sales, Inc.*, 224 F.3d 719, 726 (7th Cir. 2000). The costs explicitly allowed by § 1920 are: (1) the fees of the clerk and



marshal; (2) fees for court reporters and transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and interpreters. § 1920. There is a heavy presumption in favor of awarding costs to the prevailing party. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). Taxing costs against a losing party requires two inquiries: (1) whether the cost imposed upon the losing party is recoverable, and (2) if so, whether the amount assessed for that item was reasonable. *Id.*

Defendant seeks recovery for the following in its bill of costs: (1) $427.40 for photocopying costs – itemized on the bill of costs as "fees and disbursements for printing"; (2) $4,082.23 for court reporting and transcription fees; (3) $30.00 for witness fees; and (4) $80.90 for exemplification and copies of papers. Because all these costs are recoverable under § 1920, the court's only inquiry is whether the amount assessed for each item is reasonable. The court will review the reasonableness of each amount in turn.

### B. <u>Photocopying Costs</u>

Defendant seeks to recover $427.40 in photocopying charges. Plaintiff argues that defendant is not entitled to recover the full amount of these costs because the per-page rate claimed by defendant is unreasonable. However, plaintiff does not object to the number of pages for which defendant seeks to recover costs.

As a general rule, a prevailing party can recover costs to photocopy "papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The language "for use in the case" refers to materials actually prepared for use in presenting evidence to the court. *Teerling v. Fleetwood*

*Motor Homes of Ind., Inc.*, No. 99 C 5926, 2001 WL 883699, at *2 (N.D. Ill. Aug. 2, 2001) (citing *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990)). This means that photocopying charges for discovery and the court's copies of documents can be awarded, but charges for copies made solely for attorney convenience cannot. *Id.* The court finds that all the documents for which defendants seek copying costs were necessarily obtained for use in this case. Thus, the court need determine only the appropriate per-page rate.

Charges for in-house reproduction may not exceed the charges of an outside print shop. *Antonson v. United Armored Servs., Inc.*, No. 00 C 4095, 2002 WL 908424, at *2 (N.D. Ill. May 6, 2002) (citing *Martin v. United States*, 931 F.2d 453, 455 (7th Cir. 1991)). Local print shops charge $0.09 and $0.10 per page for standard photocopying. *See, e.g., Id.* (finding that $0.10 per page is a reasonable charge for in-house copying). Per page charges exceeding those of outside print shops for standard copying are allowed only when a party presents the court with an explanation as to why such charges are appropriate. *Rogers v. City of Chicago*, No. 00 C 2227, 2002 WL 423723, at *4 (N.D. Ill. Mar. 15, 2002) (citing *Manley v. City of Chicago*, 236 F.3d 392, 398 (7th Cir. 2001)). In this case, defendant explains that $0.20 per page is the standard charge for in-house copying at defense counsel's firm. However, the court is unpersuaded by this argument and will apply the usual rate of $0.10 per page.

Therefore, the court finds that defendant is entitled to recover the costs of copying 2,137 pages at a rate of $0.10 per page. Accordingly, the court reduces defendant's bill of costs by $213.70 and grants defendant's bill of costs to the extent that it may recover $213.70 in copying costs.

C. **Court Reporting and Transcription Fees**

Defendants seek court reporting and transcription fees of $4,082.23. This includes: (1) court reporter fees and original transcripts for the depositions of Shirley Riley ("Riley"), Otis Dixon ("Dixon"), Terrance K. Brodin ("Brodin"), and Steven Armstrong ("Armstrong") and (2) copies of the deposition transcripts of Aaron Beck ("Beck"), Roderick Ives ("Ives"), and Mark Waypa ("Waypa").

According to Local Rule 54.1(b), "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court." LOC. R. 45.1(b). The Judicial Conference Rate allowed for original deposition transcripts is $3.00 per page, and the rate allowed for a transcript copy is $0.75 per page. VI. JUDICIAL CONFERENCE OF THE UNITED STATES GUIDE TO JUDICIARY POLICIES AND PROCEDURES, COURT REPORTERS MANUAL, ch. 20, pt. 20.3 (1998) ("COURT REPORTERS MANUAL"). This fee covers all costs of transcript production. *Id.* at pt. 20.8. *See also Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 456 (7th Cir. 1998) (summarizing the judicial conference rates applicable to various types of transcripts). Defendant argues that it is entitled to recover the rates that it was actually charged by the court reporters. However, the court did not order that some other rate should apply to the depositions in this case. Thus, the court will apply the Judicial Conference Rates to defendant's transcript costs in this case.

1. **Original Deposition Transcripts**

In total, defendant seeks $3,179.20 in costs related to the original transcripts for the

depositions of Riley, Dixon, Brodin, and Armstrong. The court will review the reasonableness of these costs.

First, the Seventh Circuit has held that a party may recover court reporter deposition attendance fees. *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998). In this case, defendant seeks to recover court reporter appearance fees in the amounts of: (1) $214.50, for Riley's August 27, 2002 deposition; (2) $181.50, for Dixon's September 19, 2002 deposition; and (3) $99.00 for Riley's October 2, 2002 deposition. All three court reporters charged an hourly rate of $33.00 per hour. The court finds that the rate is reasonable and concludes that defendant is entitled to recover those costs. *See McCollough v. O'Neill*, No. 01 C 6510, 2003 WL 737847, at *1 (N.D. Ill. Feb. 28, 2003) (finding court reporters' hourly rates of $30.00 and $60.00 to be reasonable).

Second, as already explained, the Judicial Conference Rate allowed for original deposition transcripts is $3.00 per page. Defendant's bill of costs indicates that the transcription rates for the Riley, Dixon, Brodin, and Armstrong depositions exceeded that rate. Therefore, the court reduces defendant's costs for those depositions as follows. The transcription costs of the 333 pages of Riley's depositions are reduced by $49.95 to $999.00.[1] The transcription costs of Dixon's 210-page deposition are reduced by $31.50 to $630.00. The transcription costs of Brodin's 120-page deposition are reduced by $90.00 to $360.00. The transcription costs of Armstrong's 113-page deposition are reduced by $84.75 to $339.00.

Finally, defendant seeks to recover $25.00 in costs for condensed copies of each of the

---

[1] Riley was deposed on two separate occasions. However, for ease of calculation, the court will consider those two transcripts together.

5

deposition transcripts of Riley, Dixon, Brodin, and Armstrong. However, costs for condensed transcripts are not recoverable. *Winfery v. City of Chicago*, No. 96 C 1208, 2000 WL 1222152, at *2 (N.D. Ill. Aug. 22, 2000). Therefore, the $25.00 cost for each of the condensed transcripts of the depositions of Riley, Dixon, Brodin, and Armstrong is disallowed and, accordingly, defendant's bill of costs is reduced by an additional $100.00.

In summary, the court reduces the recoverable costs related to original deposition transcripts by $356.20. The court grants defendant's bill of costs to the extent that defendant is entitled to recover $2,823.00 in costs related to these transcripts.

### 2. Copy Deposition Transcripts

In total, defendant seeks $903.03 in costs related to transcript copies for the deposition of Beck, Ives, and Waypa. The court will review the reasonableness of these costs.

Defendant also seeks to recover the costs of copies of the deposition transcripts of Beck, Ives, and Waypa. As the court has already noted, *supra* Sect. I.C., the Judicial Conference rate for copies of deposition transcripts is $0.75 per page. Therefore, defendant is entitled to costs for copies of these four transcripts at that rate. Thus, defendant is entitled to the following transcription costs: (1) $251.25 for its copy of the 335 pages of Beck's deposition transcripts;[2] (2) $40.50 for its copy of the 54-page transcript of Ives's deposition; and (3) $25.50 for its copy of the 34-page transcript of Waypa's deposition. Consequently, the court reduces defendant's costs as follows: (1) the cost of defendant's copies of Beck's deposition transcripts is reduced by $504.50; (2) the cost of defendant's copy of Ives's deposition transcript is reduced by $70.20;

---

[2] Like Riley, Beck was deposed on two separate occasions. Again, for ease of calculation, the court will consider those two transcript copies together.

6

(3) the cost of defendant's copy of Waypa's deposition transcript is reduced by $49.30.

Additionally, defendant seeks to recover the costs of a condensed copy of the deposition transcripts of Beck and Ives. However, as the court has already noted, *supra* Sect. I.C.1., costs for condensed transcripts are not recoverable. Therefore, the two $25.00 charges for those condensed transcript copies are disallowed, and defendant's bill of costs is reduced by $50.00.

Finally, defendant also seeks to recover for $7.00 of shipping and handling on Beck's deposition transcript. However, under the Judicial Conference guidelines, postage costs are considered ordinary business expenses that may not be charged in relation to obtaining transcripts. *Rogers*, 2002 WL 423723, at *2 (citing COURT REPORTERS MANUAL ch. 20, pt. 20.9.4). Therefore, the court reduces the amount that defendant seeks to recover for the transcript of Beck's deposition by $7.00.

In summary, the court reduces the recoverable costs of the deposition transcript copies by $681.00. Thus, the court grants defendant's bill of costs to the extent that defendant is allowed to recover $222.03 in costs related to these deposition transcript copies.

In total, therefore, the court reduces defendant's recoverable costs for transcripts and depositions by $1,037.20. Consequently, the court grants defendant's bill of costs to the extent that defendant may recover $3,045.03 for court reporting and transcription fees.

### D. Witness Fees and Fees for Exemplification and Copies of Papers

Defendant seeks to recover $30.00 in witness fees and $80.90 in fees for exemplification and copies of papers. The witness fees include two records subpoenas, each in the amount of $15.00. The costs for exemplification and copies of papers include the costs of obtaining a copy

of plaintiff's EEOC file and a copy of the transcript from an August 1, 2002 hearing.

The court finds that these documents were all relevant to this case. Furthermore, plaintiff raises no objection regarding these costs. Accordingly, the court finds that defendant is entitled to the full $110.90 in costs that it seeks for those items and grants defendant's bill of costs as to that full amount.

## II. <u>CONCLUSION</u>

For the foregoing reasons, the court grants in part and denies in part defendant's bill of costs. Defendant is awarded the following costs: (1) $213.70 for photocopying costs; (2) $3,045.03 for court reporting and transcription fees; (3) $30.00 in witness fees; and (4) $80.90 for exemplification and copies of papers. The clerk is directed to tax total costs in the amount of $3,369.63.

Date: **APR 22 2003**

James H. Alesia
United States District Judge